**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE,**<br>**As parent and next friend of child,**<br><br>**Plaintiff,**<br>**v.**<br><br>**DISTRICT OF COLUMBIA,**<br>**A Municipal Corporation,**<br>**One Judiciary Square,**<br>**441 4th Street, NW,**<br>**Washington, D.C. 20001,**<br><br>**To serve:**<br><br>**MURIEL BOWSER,**<br>**Mayor,**<br>**District of Columbia,**<br>**1350 Pennsylvania Ave., NW**<br>**Washington, DC 20004,**<br><br>**And**<br><br>**BRIAN L SCHWALB,**<br>**Attorney General,**<br>**District of Columbia,**<br>**400 6th Street, NW**<br>**Washington, DC 20001,**<br><br>**Defendant.** | **Civ No.:** |

## COMPLAINT

Plaintiff, Jane Doe—by and through undersigned counsel—respectfully alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for reimbursement of attorneys' fees and costs pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEA"), including 20 U.S.C. § 1415(i)(3).

2. Plaintiff is the prevailing party in an administrative action brought under IDEA on behalf of her child ("the student").

3. Following a contested administrative due process hearing, an impartial hearing officer determined that the District of Columbia Public Schools ("DCPS") violated its obligations under the IDEA and denied the student a free appropriate public education ("FAPE").

4. The hearing officer awarded affirmative relief in Plaintiff's favor, including compensatory education and reimbursement for education expenses.

5. Plaintiff therefore seeks an award of reasonable attorneys' fees and costs incurred in obtaining that relief, together with reasonable attorneys' fees and costs incurred in litigating this action—in an amount to be established in this case.

**JURISDICTION AND VENUE**

6. This court has jurisdiction pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.*, including 20 U.S.C. § 1415(i)(3).

7. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391; the underlying administrative proceeding arose in the District of Columbia and Defendant is the District of Columbia government.

**PARTIES**

9. Plaintiff Jane Doe is the parent of the student, a child with disabilities entitled to the protections Congress enacted through the IDEA.

10. Plaintiff, at all times relevant to this action, has been a resident of the District of Columbia, and is the prevailing petitioner in the underlying administrative proceedings. Ex. A.

11. Defendant, District of Columbia, is a municipal corporation that, through DCPS, is responsible for complying with the IDEA, including the Act's child-find requirements and its obligation to provide eligible students a free appropriate public education.

12. The District receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a free appropriate public education ("FAPE"), and is obliged to comply with the applicable federal regulations and statutes. 20 U.S.C § 1412(a)(1)(A).[1]

**FACTUAL ALLEGATIONS**

13. On May 1, 2026, Ms. Doe filed an administrative due-process complaint against DCPS on behalf of her child under the IDEA.

14. Among other things, Plaintiff alleged that DCPS violated its child-find obligations and denied the student a FAPE by failing to timely identify, locate, and evaluate her child.

15. Plaintiff further alleged that DCPS denied the student a FAPE by failing to determine the student's eligibility for special education and provide the student with an appropriate individualized education program ("IEP").

16. Before the administrative hearing, the student enrolled with a public charter school in the District—a separate legal entity under the IDEA. On or about June 24, 2026, the public charter school found the child eligible under the IDEA and developed the student's initial IEP. Thus, plaintiff no longer sought prospective relief requiring DCPS to develop an IEP or provide a placement and instead sought compensatory education and other appropriate relief. Ex. A.

17. On July 28 and 30, 2026, a due-process hearing was held. *Id*. at 1.

18. The hearing officer issued his opinion on August 10, 2026. *Id.* at 28.

---

[1] For purposes of this complaint, the terms District of Columbia, the District, and DCPS are coterminous. Likewise, DCPS is *non sui juris* of the District of Columbia government.

19. The hearing officer found that the District violated its child find obligations to the student: to locate, evaluate, and determine whether the child is eligible under the IDEA.

20. The hearing officer also found that the District denied the student a FAPE because it failed to find the student eligible under the IDEA, and provide the student with specialized instruction and related services in an IEP.

21. To remedy those IDEA violations, the hearing officer ordered DCPS to provide the student with compensatory education, including funding for independent tutoring and counseling services and reasonable reimbursement of transportation associated with those services.

22. The hearing officer also ordered DCPS to reimburse plaintiff for educational expenses incurred for the student's online curriculum.

23. Plaintiff is accordingly the prevailing party in the underlying administrative proceeding.

24. Plaintiff incurred reasonable attorneys' fees and costs in litigating the successful administrative proceeding.

25. The amount of reasonable attorneys' fees and costs owed to Plaintiff will be established through the evidence submitted in this action.

**COUNT I**
**(Claim for Reasonable Attorneys' Fees and Costs)**

26. Plaintiff reincorporates paragraphs 1-25 as though fully set forth herein.

27. Under 20 U.S.C. § 1415(i)(3), the Court may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability.

28. The underlying hearing officer found that the District violated the student's rights under the IDEA and denied her a FAPE.

29. To remedy those violations, the hearing officer awarded Plaintiff compensatory education and reimbursement for education expenses.

30. Plaintiff is thus the prevailing party in the administrative matter against the District and entitled to an award of reasonable attorneys' fees and costs incurred in connection with the underlying administrative proceeding.

31. Plaintiff is further entitled to reasonable attorneys' fees and costs incurred in recovery of those fees and costs in this action.

**PRAYER FOR RELIEF**

Plaintiff respectfully requests that this Court:

32. Declare that plaintiff is the prevailing party in the underlying proceeding and is therefore entitled to recover reasonable attorneys' fees and costs;

33. Enter judgment against the District for the reasonable attorneys' fees and costs plaintiff incurred in connection with the underlying administrative proceedings, in an amount to be established in this action;

34. Award plaintiff reasonable attorneys' fees and costs incurred in litigating this action, in an amount to be established in this action; and

35. Award such other relief as the Court deems appropriate, just, and proper.

Respectfully submitted,

/s/ *Charles A. Sibert*

Charles Sibert, Esq.
DC Bar No. 1510808
Moran & Associates
1100 H Street NW Suite 830
Washington, D.C. 20005
(248) 765-9765 (p)
charles.sibert@camoranlaw.com

/s/ *Charles Moran*

Charles Moran, Esq.
DC Bar No. 971870
Moran & Associates

1100 H Street NW Suite 830
Washington D.C. 20005
charles.moran@camoranlaw.com

*Attorneys for Plaintiff*

September 23, 2026