**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JANE DOE,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**DISTRICT OF COLUMBIA,**<br><br>**Defendant.** | **Civil Action No. 26-3324 (JEB)** |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jane Doe has sued the District of Columbia on behalf of her minor child for reimbursement of attorney fees and costs pursuant to the Individuals with Disabilities Education Improvement Act (IDEA), 20 U.S.C. §§ 1400 *et seq*. See ECF No. 1 (Compl.), ¶¶ 1, 2, 9, 10, 26–31. She now moves to proceed pseudonymously. See ECF No. 2 (Mot.). Although federal and local rules require parties to redact a minor child's name from all filings, see Fed. R. Civ. P. 5.2; LCvR 5.4(f)(2), Plaintiff contends that disclosure of her identity would make it "easy" to divulge the identity of her child. See Mot. at ECF p. 1.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I. Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of

governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97).

## II. Analysis

Jane Doe has met her burden to show the privacy interests at stake outweigh the public's presumptive and substantial interest in learning her identity.

First, Plaintiff seeks to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature." Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97). The Complaint discusses Jane Doe's child's disability, eligibility for special education, the results of

psychological and educational evaluations, and other information relating to the child's education and mental health. See, e.g., ECF No. 1-4 (Hearing Officer Determination) at 4–16. These portions of the Complaint reveal "paradigmatically 'sensitive' and 'highly personal'" details about the student's disability. Charles H. v. District of Columbia, 2021 WL 6619327, at *2 (D.D.C. Apr. 9, 2021); id. (observing that "forcing disabled individuals to disclose deeply personal medical information could deter litigants from filing claims to vindicate their rights"). "Through the disclosure of Plaintiff['s] full name[] and address, the public could easily uncover" such "personally identifiable information" about her child — "information that is statutorily protected under the IDEA, the Family Educational Rights and Privacy Act ('FERPA'), and local regulations." J.W. v. District of Columbia, 318 F.R.D. 196, 200 (D.D.C. 2016); see 20 U.S.C. § 1417(c) (IDEA); 20 U.S.C. § 1232g(b)(1) (FERPA); D.C. Mun. Regs. tit. 5-E, § 2603 (District regulations). For that reason, courts in this Circuit have routinely "allowed both parents and children to proceed anonymously" in cases like this one. Id. at 199.

The second factor cuts against granting pseudonymity. This factor considers whether a plaintiff faces a "risk of retaliatory physical or mental harm" from disclosure, In re Sealed Case, 971 F.3d at 326 (citation omitted), and is strongest when plaintiffs identify particular, concrete threats. Plaintiff concedes this point, acknowledging that she "does not identify a particularized threat of retaliatory physical or mental harm," but contending that this poses no obstacle because "a plaintiff need not satisfy every factor to proceed pseudonymously." Mot. at ECF p. 5.

On the other hand, the third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — cuts the other way. Although Jane Doe is an adult, she "share[s] common privacy

interests" with her minor child "due to their intractably linked relationship." J.W., 318 F.R.D. at 201.

The fourth and fifth factors, taken together, tip the scale further in favor of pseudonymity. Plaintiff has brought suit against the District of Columbia, and anonymous litigation is typically "more acceptable when the defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'" Id. (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see Doe 1 v. George Wash. Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations"). This factor further weighs in favor of pseudonymity where, as here, a plaintiff seeks individualized, rather than programmatic, relief. See, e.g., Doe 1 v. United States, 2024 WL 6967362, at *3 (D.D.C. Oct. 9, 2024) ("When a plaintiff requests individualized relief against a government defendant, the fourth factor favors pseudonymity.") (cleaned up); Doe v. ICE, No. 24-617, ECF No. 9 (Mem. Op.) at 5 (D.D.C. Mar. 8, 2024) (factor supported pseudonymity where "[p]laintiff allege[d] deficiencies in ICE's compliance with FOIA solely with respect to his individual request"). Here, Jane Doe seeks to vindicate the rights of a minor and litigate solely that minor's rights against the District. See Compl., ¶¶ 2, 4, 5, 11. This factor, as a result, supports proceeding pseudonymously. Nor is the fifth factor — prejudice to defendants — implicated here, since "the district presumably knows of the identities of [Jane Doe] from its own administrative and educational records." D.S. v. District of Columbia, 2026 WL 2444953, at *2 (D.D.C. Aug. 20, 2026).

In sum, although the second factor tips toward disclosure, the remaining four outweigh it because they highlight Plaintiff Jane Doe's "legitimate interest in anonymity" at this early stage, In re Sealed Case, 931 F.3d at 96, given Plaintiff's child's age and disabilities.

The Court accordingly ORDERS that:

1. Plaintiff Jane Doe's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;
2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and
3. Within fourteen days of this Order, Plaintiffs shall file the [2] Motion on the public docket.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date: October 1, 2026